**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

CIVIL ACTION NO. 05-424-C

HENRY F. LEWIS,                                                    PLAINTIFF,

V.                          <u>MEMORANDUM OPINION AND ORDER</u>

PNC BANK,                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for leave to file an amended complaint (DE 17) and the defendant's motion to dismiss the plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure (DE 15).  The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion and deny the defendant's motion in part and grant it in part.

**I.      Motion for Leave to File Amended Complaint**

The defendants do not object to the plaintiff's motion for leave to file an amended complaint, and the court will therefore grant the plaintiff's motion.  The plaintiff's amended complaint[1] sets forth four causes of action: (1) violation of the FCRA; (2) wanton neglect in violating *ChexSystem* procedures; (3) mental duress/pain and suffering; and (4) cruel and unusual suffering.

According to the plaintiff's complaint, the plaintiff caused his checking

---

[1] The court having granted the plaintiff's unopposed motion for leave to file an amended complaint, the court will refer to the amended complaint, which the defendant addressed in its reply memorandum, simply as the complaint.

account with the defendant to be overdrawn throughout 2003.  The complaint implies and there is no dispute that the defendant reported the negative account status to Chex System, a data base that enables banks to determine whether prospective account holders have a negative account status with any other institutions.

The plaintiff paid off his balance to the defendant in September 2004.  The plaintiff alleges that, despite its duty to and its assurance that it would do so, the defendant did not report to Chex System that the plaintiff's account no longer has a negative status.  The plaintiff avers that the defendant's failure to correct his status with Chex System has caused him to lose business opportunities and has severely disrupted his lifestyle.

## II.    Motion to Dismiss

The defendant contends that the plaintiff's complaint should be dismissed, because his claims are precluded by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.*, and the court lacks subject matter jurisdiction over the remaining claims.  Where a motion to dismiss is based only in part on the lack of subject matter jurisdiction, courts typically must determine whether subject matter jurisdiction exists before proceeding on the other grounds.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  However, the defendant's motion appears to argue that Count I of the plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted, and Counts II, III, and IV should be dismissed for lack of independent subject matter

2

jurisdiction.  The court will therefore first address the merits of the plaintiff's FCRA claim.

### A.    Conversion to Motion for Summary Judgment

To his response to the defendant's motion to dismiss, the plaintiff attached correspondence related to his losses and the defendant's promise to notify Chex System of the favorable change in his account status.  The defendant's reply includes an affidavit of a PNC employee and an exhibit indicating that it did in fact cancel the negative notation on the plaintiff's account.

The defendant contends that, because the parties have presented matters outside the pleadings, this motion should be treated as a motion for summary judgment pursuant to Rule 56.  *See* Fed. R. Civ. P. 12(b).  Of the extrinsic materials submitted by the parties, only the affidavit filed by the defendant is proper for consideration on a motion for summary judgment.  *See* Fed. R. Civ. P. 56(c).  Conversion is not necessary where the court does not consider the extrinsic matters presented to it in deciding the motion to dismiss.  *Jones v. Carlisle,* 3 F.3d 945, 947 n.2 (6th Cir. 1993).

Furthermore, notice of the conversion is required where one party is likely to be surprised by the change.  Fed. R. Civ. P. 12(c); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975).  The Sixth Circuit has rejected the argument that conversion was surprising where the party opposing a motion to dismiss filed affidavits in response to the motion.  *See Dayco*, 523 F.2d at 393; *Wright v. Holbrook*, 794 F.2d 1152, 1156-57 (6th Cir. 1986) (*citing Fugarino v.*

3

*Hartford Life & Accident Ins. Co.,* 969 F.2d 178, 182 (6th Cir. 1992); *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)).  In this case, however, no Rule 56 evidence was submitted until the defendant filed its reply to the plaintiff's response.  The plaintiff has not and, under the local rules, may not as of right respond to that pleading and the documentary support submitted by the plaintiff in response to the defendant's motion to dismiss is not in the form of an affidavit or deposition, and it addresses only the damages portion of his claim.  Under these facts, it does not appear that the plaintiff anticipated that the court would treat the defendant's motion as one for summary judgment.

Although *pro se* civil litigants are not entitled to assistance in responding to dispositive motions, *Brock v. Henderschott*, 840 F.2d 339, 343 (6th Cir. 1988), the court nonetheless declines to treat the defendant's motion to dismiss as one for summary judgment, because the plaintiff has not been given a meaningful opportunity to respond to the proof submitted by the defendant and would likely be surprised at the proposed change in proceedings.  The court will not consider the materials submitted by the parties, and accordingly, the standard for deciding a motion to dismiss for failure to state a claim applies to the court's analysis of Count I of the plaintiff's complaint.

B.    Motion to Dismiss

*Count I - FCRA*

Count I of the plaintiff's complaint is brought under the FCRA, and the court has jurisdiction pursuant to 15 U.S.C. § 1681p.  Dismissal is therefore not

4

warranted pursuant to Rule 12(b)(2).

Dismissal under Rule 12(b)(6) can be granted only if the defendant establishes beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff, and the factual allegations in the complaint must be taken as true. *Jones*, 3 F.3d at 947). Matters outside the pleadings cannot be considered by the court. *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389 (6th Cir. 1999). Therefore, the court will not consider the exhibits submitted by the plaintiff and defendant in resolving this motion.

The plaintiff describes his claim as "a simple matter of Defendant … wrongfully refusing to reverse the negative Checking account status of Plaintiff … in *Chex System*, a data base of deficient Checking accounts." The defendant contends that the plaintiff's FCRA claim should be dismissed, because the plaintiff's claim arises under 15 U.S.C. § 1681s-2(a), for which there does not exist a private cause of action.

Section 1681s-2 enumerates the responsibilities of furnishers of information to consumer reporting agencies. The defendant is a furnisher of information. Section 1681s-2(a)(1)(A) prohibits a furnisher of information from providing information to a credit reporting agency if it "knows or has reasonable cause to believe that the information is inaccurate." A furnisher of information also has a duty upon discovering that information already reported to a credit reporting agency

is incomplete or inaccurate to "promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate."  15 U.S.C. § 1681s-2(a)(2).

Liability to a consumer for willful or negligent non-compliance with § 1681 is governed by §§ 1681n and 1681o.  Section 1681s-2(c), however, provides that those sections are inapplicable to violations of § 1681s-2(a), which is enforced exclusively by government agencies and officials.  Thus, there does not exist a private cause of action for any violation of § 1681s-2(a), and to the extent the plaintiff's claim arises under that section, it will be dismissed.  *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003).

However, the court finds that, as in *Stafford*, the plaintiff's claim could be interpreted as arising under § 1681s-2(b), as to which there is no limitation on the availability of remedies.  *See id.* at 783.  Section 1681s-2(b) requires a furnisher of information to investigate the accuracy of information it provided to a consumer reporting agency after receiving notice from that agency that the item is disputed. *See also* 15 U.S.C. § 1681i(a)(2).  Considering the pleadings in the light most favorable to the plaintiff, the court cannot determine whether the plaintiff disputed the information with a credit reporting agency and whether he could plead any set of facts that would entitle him to relief under § 1681s-(2)(b).  Therefore, the defendant's motion to dismiss for failure to state a claim upon which relief may be granted will be denied.

6

*Counts II, III, and IV - Wanton Neglect, Mental Duress/Pain & Suffering, and Cruel & Unusual Suffering*

_____The defendant's motion to dismiss the state law claims appears to be premised on the argument that once the FCRA claim is dismissed pursuant to Rule 12(b)(6), the court lacks supplemental subject matter jurisdiction.  The defendant's motion also asserts that the plaintiff's claims are pre-empted by the FCRA.

_____Federal district courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  It appears from the pleadings that Counts II, III, and IV form part of the same case or controversy out of which the FCRA claim arises, and dismissal of those claims for lack of subject matter jurisdiction is therefore not warranted.

The defendant states but does not develop the argument that the plaintiff's state law claims are pre-empted by the FCRA.  The FCRA contains two pre-emption provisions.  Section 1681t(b)(1)(F) grants to furnishers of information absolute immunity from suit based on conduct regulated by § 1681s-2.  Section 1681h(e) provides furnishers of information with qualified immunity from suits "proceeding in the nature of defamation, invasion of privacy, or negligence," precluding consumer actions "except as to false information furnished with malice or willful intent to injure such consumer."  This court has previously interpreted the relationship between these two provisions: "§ 1681s-2 only regulates conduct involved in the reporting of credit information.  The § 1681t(b)(1)(F) preemption provision, then,

7

clearly does not apply to those tort claims that only involve the Bank's actions independent of its function as a furnisher of credit information." *Stafford*, 262 F. Supp. 2d at 787.

The court in *Stafford* held that, to the extent the plaintiff's harassment and invasion-of-privacy claims concerned the bank's role as a furnisher of credit information, they were pre-empted pursuant to § 1681t(b)(1)(F). *Id.* at 787-88. Thus, even though § 1681h(e) grants only qualified immunity to defamation, invasion of privacy, negligence, and similar actions, those claims are nonetheless barred by § 1681t(b)(1)(F)'s absolute immunity provision if they are related to the furnisher's role as a provider of information to credit reporting agencies.

Viewing the allegations in the complaint in the light most favorable to the plaintiff, there is no indication in this case that any of the actions fall outside the scope of § 1681s-2, and the court therefore finds that the plaintiff's state law claims are pre-empted by § 1681t(b)(1)(F). Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to file an amended complaint (DE 17) is **GRANTED**, and the tendered amended complaint is deemed filed as of the date of entry of this order.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss the plaintiff's complaint is **DENIED IN PART** and **GRANTED IN PART**. The defendant's motion is denied as to Count I of the plaintiff's amended complaint. The motion is granted as to Counts II, III, and IV of the plaintiff's amended complaint, which are **DISMISSED**.

Signed on  April 10, 2006

Jennifer B. Coffman, Judge
United States District Court