UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-424-C**

**HENRY F. LEWIS,**                                                                      **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**PNC BANK,**                                                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for summary judgment (DE 39). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**I. Factual Background**

This action arises out of the plaintiff's status as a depositor/customer of the defendant, PNC Bank ("PNC"). According to the plaintiff's amended complaint, the plaintiff caused his checking account with PNC to be overdrawn throughout 2003. The complaint implies and there is no dispute that the defendant reported this negative account status to Chex System, a data base that enables banks to determine whether prospective account holders have a negative account status with any other institutions.

The plaintiff paid off the balance of his overdraft to the defendant in September of 2004. The plaintiff received confirmation of this in a letter from PNC dated September 2, 2004; this letter also stated that "Chex Systems [sic] will be notified to update your record." The plaintiff alleges that, despite its duty to do so

and its assurance that it would, the defendant did not report to Chex System that the plaintiff's account no longer had a negative status. The plaintiff avers that the defendant's failure to correct his status with Chex System has caused him to lose business opportunities and has severely disrupted his lifestyle.

On January 17, 2006, PNC moved to dismiss the plaintiff's claim for failure to state a claim upon which relief may be granted. The plaintiff responded to PNC's motion by moving to amend his complaint. In a Memorandum Opinion and Order entered on April 10, 2006, the court granted the plaintiff's motion to amend and granted in part and denied in part the defendant's motion to dismiss the plaintiff's complaint. The court dismissed Counts II, III, and IV of the plaintiff's complaint as pre-empted by 15 U.S.C. § 1681t(b)(1)(F). However, the court also found that Count I of the plaintiff's amended complaint stated an adequate claim for violation of 15 U.S.C. § 1681s-2(b) and therefore denied the defendant's motion to dismiss only as to that Count.

**II. Standard of Review**

When considering a motion for summary judgment, the Court must determine that there are "no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). A court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

**III. Legal Analysis**

The plaintiff's allegation that PNC violated 15 U.S.C. § 1681s-2(b) is his sole remaining claim in this action. Section 1681s-2(b) requires a furnisher of information to conduct an investigation after receiving notice of a dispute regarding the accuracy of information it has provided to a consumer reporting agency. *See Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 783-84 (W.D. Ky. 2003). Moreover, a furnisher of credit information has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. *Id.* at 784. "Under the statutory language, notice from a consumer is not enough." *Id.*

It is undisputed that PNC is a furnisher of information and that Chex System is a consumer reporting agency for the purposes of Section 1681s-2(b). The plaintiff, however, has presented no evidence that he contacted Chex System to dispute the accuracy of the information PNC provided to it. He has also failed to

come forward with any evidence that Chex System ever notified PNC of such a dispute. The substance of the plaintiff's claim is that PNC failed to report to Chex System that the plaintiff's account no longer had a negative balance. Pursuant to Section 1681s-2(b), however, PNC had no duty to re-investigate the accuracy of the information it provided to Chex System until it received notice from Chex System that it was disputed.[1] PNC is entitled to a judgment as a matter of law on the plaintiff's Section 1681s-2(b) claim.

In his response, the plaintiff appears to allege that the charge that led to the overdraft of his account was unauthorized by him and that PNC's requirement that he repay these amounts was in violation of its stated policy of reimbursing unauthorized charges itself. Even assuming the truth of these allegations, the plaintiff has failed to create a genuine issue of fact as to his Section 1681-2(b) claim because his new averments do not indicate that Chex System ever notified PNC of any dispute the plaintiff had with Chex System's information. The plaintiff also requests a court order be issued to compel records from Chex System as to PNC's communications with Chex System regarding the plaintiff. Because the discovery deadline in this case passed on September 30, 2006, and the court is unpersuaded that additional discovery will alter the disposition of the defendant's motion for summary judgment, the court will deny the plaintiff's request.

---

[1] Nonetheless, PNC has presented evidence that it did notify Chex System of the plaintiff's repayment of his overdraft and that Chex System amended its records accordingly.

Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (DE 39) is **GRANTED**.


        Signed on  January 30, 2007

                                                    **Jennifer B. Coffman, Judge**
                                                    **United States District Court**