UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-424-C**

**HENRY F. LEWIS,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**PNC BANK,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motions for reconsideration and for leave to file a second amended complaint (DE 48).[1] The court, having reviewed the record and being otherwise sufficiently advised, will deny the motions.

**I. Factual Background**

This action arises out of the plaintiff's status as a depositor/customer of the defendant, PNC Bank ("PNC"). According to the plaintiff's amended complaint, the plaintiff's checking account with PNC became overdrawn throughout 2003. The complaint implies and there is no dispute that the defendant reported this negative account status to Chex System, a data base that enables banks to determine whether prospective account holders have a negative account status with any other institutions.

The plaintiff paid off the balance of his overdraft to the defendant in

---

[1] The plaintiff filed these motions as one docket entry, which he styled as a "Motion for Reconsideration Requiring Leave of Accompanying 2nd Amended Complaint."

September of 2004. The plaintiff received confirmation of this in a letter from PNC dated September 2, 2004. The plaintiff alleges that, despite its duty to do so and its assurance that it would, the defendant did not report to Chex System that the plaintiff's account no longer had a negative status.

On January 17, 2006, the court dismissed Counts II, III, and IV of the plaintiff's amended complaint as pre-empted by 15 U.S.C. § 1681t(b)(1)(F). However, the court also found that Count I of the plaintiff's amended complaint stated an adequate claim for violation of 15 U.S.C. § 1681s-2(b) and therefore denied the defendant's motion to dismiss only as to that Count. On January 30, 2007, the court granted the defendant's motion for summary judgment as to Count I and entered judgment in favor of the defendant.

**II. Legal Analysis**

*A. Motion for Reconsideration*

In order to succeed on a motion for reconsideration, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result. *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such motions are not an opportunity for the losing party to offer additional arguments in support of its position. *Engler*, 146 F.3d at 374.

In his motion for reconsideration, the plaintiff merely restates his allegations that PNC failed to instruct Chex System to remove his negative account status. This claim, however, has already been considered and rejected by the court. The plaintiff has therefore shown no entitlement to the extraordinary relief he now requests, and his motion for reconsideration will be denied.

*B. Motion for Leave to File a Second Amended Complaint*

The plaintiff also seeks to amend his complaint pursuant to Fed. R. Civ. P. 15(a), which provides that leave to amend should be "freely given when justice so requires." Several elements must be considered in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998), *cert. denied*, 528 U.S. 842 (1999); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).

The plaintiff seeks to amend his complaint to allege claims that PNC forced him to repay unauthorized charges to his account in violation of its overdraft policy and that it extorted payments from him in the form of overdraft penalties.[2] These allegations were also contained in his original complaint, yet were omitted in his

---

[2]The plaintiff's proposed second amended complaint also restates and elaborates on many of the same allegations that were dismissed by the court on January 17, 2006. *See* DE 21. To the extent that the plaintiff seeks to reinject these claims into this action, this request is denied.

3

amended complaint in which the plaintiff stated that he "stepped into the common financial trouble of causing his . . . account to become overdrawn." DE 22, at 3. The plaintiff also stated in his amended complaint that all issues in his complaint other than his claim under the Fair Credit Reporting Act "may be dis-regarded by the Court." *Id.* at 2. The plaintiff is not entitled to amend his complaint to put forth claims that he abandoned some time ago. Further, the deadline for the parties to amend pleadings passed over six months ago, and, since judgment has already been entered in this case, allowing the plaintiff's proposed amendment would reopen a case that is essentially closed. The interests of justice do not favor permitting the plaintiff to amend his complaint, and the court will deny his motion for leave.[3]

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the plaintiff's motions for reconsideration and for leave to file a second amended complaint (DE 48) are **DENIED**.

---

[3] The plaintiff also alleges a violation of his rights pursuant to the First and Fourteenth Amendments to the United States Constitution, on the ground that he is being denied his right to have his claims properly adjudicated. *See* DE 50, at 2. Specifically, the plaintiff claims that he has been injured by the defendant's alleged violation of its overdraft policy and that he is entitled to have this claim redressed. *Id.* at 2-3. The court has already considered this argument by the plaintiff and determined that he is not entitled to amend his complaint to assert this claim. Accordingly, the court finds that any right the plaintiff may have to redress of his grievances has not been violated in this case.

Signed on  March 15, 2007

Jennifer B. Coffman, Judge
United States District Court

5